

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*304-347-5104*

February 7, 2013

Deirdre Purdy, Esquire
407 Jarvis Road
Chloe, West Virginia 25235

      Re: United States v. Terry Tomblin
           Criminal No. 2:13-cr-00032 (USDC SDWV)

Dear Ms. Purdy:

    This will confirm our conversations with regard to your client, Terry Tomblin (hereinafter "Mr. Tomblin"). As a result of these conversations, it is agreed by and between the United States and Mr. Tomblin as follows:

    1. **PENDING CHARGES.** Mr. Tomblin is charged in a single-count indictment with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm).

    2. **RESOLUTION OF CHARGES.** Mr. Tomblin will plead guilty to said indictment, which charges him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Tomblin will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of ten years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

                                                  *TRT*
                                                    Defendant's
                                                       Initials

    (c)    A term of supervised release of three years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Tomblin has submitted certified financial statements to the United States reflecting that Mr. Tomblin is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Tomblin agrees that, if incarcerated, Mr. Tomblin will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **ABANDONMENT OF FIREARM.** Mr. Tomblin hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in that certain firearm seized from him at the time of his arrest, to-wit: a Glock, Model 20, 10mm semi-automatic pistol. The firearm abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to law.

    6.    **PAYMENT OF MONETARY PENALTIES.** Mr. Tomblin agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Tomblin further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.    **COOPERATION.** Mr. Tomblin will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of

*TRT*
Defendant's Initials

the United States. In complying with this provision, Mr. Tomblin may have counsel present except when appearing before a grand jury.

   8.   **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Tomblin, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by Mr. Tomblin pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Tomblin, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

   9.   **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Tomblin for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Tomblin for perjury or false statement if such a situation should occur pursuant to this agreement.

   10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Tomblin stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

   Mr. Tomblin agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Tomblin, and Mr. Tomblin is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Tomblin or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Tomblin or on his behalf. Mr. Tomblin knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a

*TRT*
Defendant's Initials

breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Tomblin understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Tomblin knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Tomblin also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Tomblin knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act

*TRT*
Defendant's Initials

Deirdre Purdy
February 7, 2013
Page 5
Re: Terry Tomblin

(FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Tomblin;

(f) Advise the Court concerning the nature and extent of Mr. Tomblin's cooperation; and

(g) Address the Court regarding the issue of Mr. Tomblin's acceptance of responsibility.

14. **VOIDING OF AGREEMENT**. If either the United States or Mr. Tomblin violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Tomblin in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Tomblin in any Court other than the United States District Court for the Southern District of West Virginia.

_TRT_
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

                            R. BOOTH GOODWIN II
                            United States Attorney

By: _____
            STEVEN I. LOEW
            Assistant United States Attorney

SIL/fgc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        2-7-2013
TERRY TOMBLIN                             Date Signed
Defendant

_____        2-7-2013
DEIRDRE PURDY                             Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:13-cr-00032

TERRY TOMBLIN

## STIPULATION OF FACTS

The United States and Terry Tomblin (hereinafter "Mr. Tomblin") stipulate and agree that the facts comprising the offense of conviction in the Indictment in the Southern District of West Virginia, Criminal No. 2:13-cr-00032, include the following:

1. On December 31, 2012, Mr. Tomblin possessed a Glock, Model 20, 10mm semi-automatic pistol in Mt. Gay, Logan County, West Virginia, in the Southern District of West Virginia. Mr. Tomblin was stopped by the West Virginia State Police for a traffic violation, and the incident was captured on the Trooper's vehicle's video camera. Mr. Tomblin had the Glock pistol concealed in his boot.

2. At the time Mr. Tomblin possessed the Glock pistol, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, convicted on March 25, 2011, in the United States District Court for the Southern District of West Virginia, of possession of hydrocodone by misrepresentation, fraud, forgery, deception, and subterfuge. At the time of the incident, Mr. Tomblin had not had his civil rights restored to possess a firearm.

3. The Glock pistol was not manufactured in West Virginia.

**PLEA AGREEMENT EXHIBIT A**

*TRT*
Defendant's
Initials

This Stipulation of Facts does not contain each and every fact known to Mr. Tomblin and to the United States concerning the charges set forth in the indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____     2-7-2013
TERRY TOMBLIN                         Date
Defendant

_____     2-7-2013
DEIRDRE PURDY, ESQ.                   Date
Counsel for Defendant

_____     2/7/13
STEVEN I. LOEW                        Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

_TRT_
Defendant's
Initials