IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA


v.                                    CRIMINAL NO. 2:13-00032


TERRY TOMBLIN


<u>MEMORANDUM REGARDING ENHANCEMENT FOR OBSTRUCTION OF JUSTICE</u>

Now comes the United States by Steven I. Loew, Assistant United States Attorney for the Southern District of West Virginia, and submits this memorandum regarding defendant's obstruction of justice in the above-captioned case.

<u>ISSUE</u>

Defendant pled guilty to being a felon in possession of a Glock, 10mm pistol, serial number SWE409 (hereinafter, the Glock). Defendant's sister-in-law, Rhonda Arthur, got the Glock from B&B Loans in Logan on December 31, 2012. That same day, defendant was arrested in possession of the Glock which was concealed in his boot. After defendant pled guilty to the offense, and prior to his sentencing, he lied to the United States, he lied to the United States Probation Officer, and he has attempted to influence the testimony of his wife, Betty Tomblin, and of his sister-in-law, Rhonda Arthur, regarding the circumstances surrounding how he came into possession of the Glock.

Accordingly, an enhancement for obstruction of justice under USSG § 3C1.1 is appropriate.

## FACTS

The following timeline of events is useful in understanding why defendant's conduct merits an enhancement for obstruction of justice:

- On March 25, 2011, defendant was convicted of a drug felony in United States District Court for the Southern District of West Virginia.

- On September 1, 2012, Betty Tomblin filled out ATF form 4473 to get the Glock out of pawn. The September 1, 2012, ATF form 4473 is attached hereto as Exhibit A.

- On September 20, 2012, Betty Tomblin filled out ATF form 4473 to again get the Glock out of pawn. The September 20, 2012 ATF form 4473 is attached hereto as Exhibit B.

- On November 6, 2012, defendant pawned the Glock at B&B Loans in Logan, West Virginia (and, thereby committed the crime of being a felon in possession of a firearm). Defendant's signed thirty-day loan contract is attached hereto as Exhibit C.

- On December 31, 2012, Rhonda Arthur, Betty Tomblin's sister, got the Glock out of pawn and filled out ATF form 4473. Rhonda Arthur's December 31, 2012, ATF form 4473 is attached hereto as Exhibit D.

- On December 31, 2012, defendant was arrested with the Glock concealed in his boot.

- On January 7, 2013, prior to defendant being taken into federal custody, Rhonda Arthur gave a statement to the Logan County Prosecutor's Office stating that she got the Glock and that defendant was going to clean it and check it out for her. Rhonda Arthur's January 7, 2013 statement is attached hereto as Exhibit E.

- On February 7, 2013, defendant signed a plea agreement with the United States agreeing to plead guilty to being a felon in possession of the Glock.

- On February 11, 2013, defendant pled guilty in United States District Court. At the plea hearing, the United States represented

on the record that if Rhonda Arthur was able to show that the gun was hers, the United States would return it to her. This representation was based on defendant's request prior to the plea hearing. After the plea hearing, defendant was debriefed. Defendant stated that the Glock was Rhonda Arthur's and that he only had it because she had asked him to check it out for her prior to her using it for home protection (very similar to Ms. Arthur's January 7, 2013 statement). Defendant also stated during this debriefing that he thought he could possess a firearm after his conviction and was confused because he had recently received a renewed concealed weapons permit from Logan County.

- On February 15, 2013, defendant had a recorded conversation with Betty Tomblin and asked her to gather information and paperwork to try to get the Glock back for Rhonda Arthur.[1] A transcript of a relevant portion of that conversation is attached hereto as Exhibit F.

- On February 17, 2013, defendant had a recorded conversation with Betty Tomblin where he attempted to convince her to forge a document. A transcript of a relevant portion of that conversation is attached hereto as Exhibit G.

- On February 26, 2013, defendant had a recorded conversation with Betty Tomblin asking her if she got "her" [Rhonda's] story straightened out. A transcript of a relevant portion of that conversation is attached hereto as Exhibit H.

- On March 6, 2013, the initial presentence report was sent to counsel.

- On March 13, 2013, defendant had a conversation with Betty Tomblin regarding what appears to be statements from the presentence report. A transcript of a relevant portion of that conversation is attached hereto as Exhibit I.

- On March 14, 2013, defendant had a recorded conversation with Betty Tomblin attempting to influence her story and trying to persuade her to, "stretch the truth a little bit." A transcript of a relevant portion of that conversation is attached hereto as Exhibit J.

---

[1] The United States has previously produced a disk to the United States Probation Officer and to defense counsel containing six recorded conversations from South Central Regional Jail. The United States will produce a copy of the same conversations on a disk to the Court.

- On March 20, 2013, ATF Special Agent Cunningham interviewed Rhonda Arthur. Basically, Ms. Arthur admitted that she straw-purchased the Glock for defendant. Special Agent Cunningham's report of that interview is attached hereto as Exhibit K.

- On March 21, 2013, ATF Special Agent Cunningham gave the United States the initial draft of the Rhonda Arthur report which was sent to defense counsel on that same day. An e-mail reflecting the production of Ms. Arthur's interview to defense counsel is attached hereto as Exhibit L.

- On March 25, 2013, defendant had a conversation with Betty Tomblin trying to get Betty to influence Rhonda to change her story regarding the Glock. A transcript of a relevant portion of that conversation is attached hereto as Exhibit M.

- On April 2, 2013, Pete Ray Conley told Special Agent Cunningham that he straw-purchased firearms for defendant. A copy of Special Agent Cunningham's report on Conley's interview is attached hereto as Exhibit N.

## DISCUSSION

Under USSG Section 3C1.1, an enhancement for obstructing or impeding the administration of justice is appropriate,

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

Under USSG § 3C1.1, comment. (n.4A), examples of covered conduct include "otherwise unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so," and (n.4H), "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." Defendant did both. First, as set forth in paragraph 15 of the presentence report, defendant told the

probation officer, as he did in his debriefing, that his sister-in-law purchased the Glock for herself and gave it to him only to ensure the gun was safe before she used it for home protection. Defendant persisted in this lie to the United States including to ATF Special Agent Cunningham. In trying to minimize his criminal responsibility and to perpetuate this lie, defendant tried to get his wife, Betty Tomblin, to influence the testimony of Rhonda Arthur, Betty Tomblin's sister, to support defendant's story.

Defendant's story regarding the Glock is clearly a lie. As set forth in Rhonda Arthur's March 20, 2013 statement, defendant supplied the money to purchase the firearm in a classic straw-purchase. Ms. Arthur purchased the gun for defendant with defendant's money. Defendant would have the Court believe that Rhonda Arthur paid $420.00 for a Glock firearm that just happened to be the Glock that defendant continually possessed, pawned, and repurchased on multiple occasions. Furthermore, defendant would have the Court believe that on the very day that Rhonda Arthur purchased the firearm for herself, he just happened to be arrested with it concealed in his boot. Importantly, Pete Conley's statement shows that defendant is no stranger to having people straw-purchase firearms for him. See Exhibit N. Defendant's story regarding the Glock is not true.

Defendant attempted to minimize his criminal culpability by not telling the truth. He lied about why he thought he could have a firearm when he was caught on December 31, 2012 with the Glock. He stated that

he got a renewal for a concealed weapons permit from the Logan County Sheriff's Department.   In reality, the only document defendant received from the Logan County Sheriff's Department was a document letting him know that his prior concealed weapons permit was revoked because he was a felon.   The documents sent to defendant revoking his prior concealed weapons permit are attached hereto as Exhibit O.

Importantly, defendant's lies and attempts to influence other witnesses' testimony are directly related to his offense of conviction and they are material.   Defendant's lie about the Glock relates to another felony offense, that is, a straw-purchase, and the lie was made to a federal law enforcement officer and to a probation officer. Further, the lie attempts to mitigate the severity of his conduct. Finally, defendant's attempt to influence his wife's and Ms. Arthur's statements and testimony relate directly to his possession of the firearm to which he pled guilty.   Accordingly, a two-level enhancement for obstruction of justice is appropriate in this case.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

s/STEVEN I. LOEW
Steven I. Loew
Assistant United States Attorney
WV State Bar No. 7412
300 Virginia Street, E., Room 4000
Charleston, WV 25301
304-345-2200 Fax:  304-347-5104
E-mail: steven.loew2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "MEMORANDUM REGARDING ENHANCEMENT FOR OBSTRUCTION OF JUSTICE" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on April 30, 2013 to:

Deirdre H. Purdy
407 Jarvis Road
Chloe, WV  25235
Email: deirdre.purdy@gmail.com


s/STEVEN I. LOEW
Steven I. Loew
Assistant United States Attorney
WV State Bar No. 7412
300 Virginia Street, E., Room 4000
Charleston, WV 25301
304-345-2200  Fax:  304-347-5104
E-mail: steven.loew2@usdoj.gov