**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Criminal No. 2:13-00032**

**TERRY TOMBLIN,**

    **Defendant.**

**DEFENDANT'S ADDENDUM TO HIS SENTENCING MEMORANDUM AND
RESPONSE TO THE UNITED STATES' MEMORANDUM REGARDING
<u>OBSTRUCTION OF JUSTICE ENHANCEMENT</u>**

Defendant Terry Tomblin through undersigned counsel files this Addendum to his Sentencing Memorandum (ECF 23) and Response to the United States Memorandum Regarding Enhancement for Obstruction of Justice (ECF 26).

*A.  Probation Violation*

At his sentencing as a felon in possession of a firearm, currently set for May 13, 2013, Defendant Terry Tomblin will also be sentenced for violation of his probation in case number 2:10-cr-000130.  Tomblin violated his probation by committing the federal crime of being of felon in possession of a firearm.  He also failed to report to his probation officer the traffic stop on December 31, 2012 during which the firearm at issue was discovered.

Tomblin admits that he violated the terms of his federal probation.  Tomblin pled guilty to possession of a firearm at the traffic stop on February 11, 2013.  Tomblin did not report the traffic stop to his probation officer.

If the Court finds that Tomblin violated conditions of his probation by being in possession of a firearm, the Court must revoke probation and impose a sentence that includes a term of imprisonment. 18 U.S.C. §§ 3565(b), 3583(g). Although the Violation Report prepared on this incident finds possession of a firearm to constitute a Grade C violation, the duty of candor to the court requires counsel to note that "[w]here the defendant is under supervision in connection with a felony conviction, . . . possession of a firearm . . . will generally constitute a Grade B violation." U.S.S.G. § 7B1.1, app. n. 5. If so, the term of imprisonment for this violation under the sentencing guidelines is 4 to 10 months. (*Id.*, § 7B1.4(a), Grade B violation, criminal history category I).

Given that Tomblin will also be sentenced on May 13 for possessing a firearm as a felon, which is the same conduct as the probation violation, Defendant moves the Court to run the sentences for the probation violation and his possession of a firearm concurrently.

**B.    *Correction to Defendant's Sentencing Memorandum***

On page 3 of the Defendant's Sentencing Memorandum, it states ". . . Tomblin has provided a substantial amount of information about criminal activity in the Logan area, *which resulted in a number of arrests*." It is true that Tomblin provided a substantial amount of information about such criminal activity. Two days after Tomblin was debriefed, a number of arrests were made at a location Tomblin had identified as involved in drug activity. However, the government has determined that the arresting officers were not aware of the information Tomblin provided when the arrests were

made. Apparently, it is incorrect to state Tomblin's information "resulted in a number of arrests" and that assertion is withdrawn.

## C. Enhancement for Obstruction of Justice Should Not Apply Because Tomblin's False Statements are Immaterial

The United States has moved for a two-level enhancement for obstruction of justice (ECF 26) because Terry Tomblin "lied to the United States, he lied to the United States Probation Officer, and he has attempted to influence the testimony of his wife, Betty Tomblin, and of his sister-in-law, Rhonda Arthur, regarding the circumstances surrounding how he came into possession of the Glock." The Glock is the firearm Tomblin possessed when he was arrested on December 31, 2007. *Id.,* 1.

The final Addendum to the Presentence Investigation Report recommends, however, that the enhancement be applied only for Tomblin's false statements about the acquisition of the firearm.[1] (PSR at 22.) Defendant first objected that these lies were already accounted for when Tomblin was denied acceptance of responsibility, and thus the enhancement for obstruction was duplicative or double-counting. Double counting occurs when one part of the Guidelines is employed to increase a defendant's punishment where the harm has already been fully accounted for by application of another part of the Guidelines. *See United States v. Gallegos,* 613 F.3d 1211, 1216 (9th Cir. 2010). However, the Probation Officer correctly explains that double-counting is

---

[1] Essentially, the PSR agrees with Defendant's objections to the Government's position that Tomblin's recorded conversations with his wife about her sister's statements do not rise to the level of obstruction and were, in any case, extremely attenuated (asking his wife to speak to her sister) and further involved no threats, intimidation, or other unlawful force.

permissible under the guidelines. This is true generally in all but the most "extraordinary" cases. *United States v. Robinson,* 390 F.3d 853, 888 (6th Cir. 2010).[2]

There is, however, a further critical issue to examine: materiality. The enhancement under § 3C1.1 only applies if the false statements to the United States or the probation officer were material. U.S.S.G. § 3C1.1, app. n. 4(F, G, H). A material statement means a statement that "if believed, would tend to influence or affect the issue under consideration. *Id.,* app. n. 6. Tomblin's false statements about the source and ownership of the Glock are not material. Tomblin was in possession of a firearm after being convicted of a felony. Those are the elements of the crime on which he is to be sentenced. Where he obtained the firearm he possessed or to whom the Glock belonged are immaterial. Tomblin repeatedly lied trying to assert that the firearm was not his, but belonged to his sister-in-law, Rhonda Arthur because Arthur's name was on the sales receipt. But ownership of the Glock is not an issue under consideration. The falsehoods have been appropriately punished by denying Tomblin credit for acceptance of responsibility. But because Tomblin's lies are immaterial, the two point enhancement for obstruction of justice should not apply. (PSR ¶ 50).

**Conclusion**

Except the alteration regarding arrests resulting from Tomblin's information, *supra* § B, Defendant stands by the information and positions set forth in his Sentencing Memorandum, including the objection to addition of the Winchester firearm, which he

---

[2] In support, the PSR Addendum cites *Robinson & Gallegos* from the Sixth and Ninth Circuits. The Fourth Circuit has similarly disposed of this issue. *See United States v. Crawford,* 18 F.3d 1173, 1179 (4th Cir. 1994) ("Double counting is permissible when not expressly prohibited under the Guidelines."); *United States v. Hughes,* 401 F.3d 540, 558, 2005 WL 628224 (4th Cir. 2005) ("An enhancement for obstruction of justice constitutes impermissible double-counting only when the conduct giving rise to the enhancement is identical to the conduct giving rise to the underlying conviction.")

4

denies ever owning. Because possession of firearms is a serious federal crime as well as a violation of the conditions of his probation, Tomblin does not seek a variance sentence. Defendant requests only that the Court correctly calculate the appropriate Guideline sentences for his probation violation and firearms crime and sentence him within that range, running both sentences concurrently.

        **Respectfully submitted,**

        **TERRY TOMBLIN**
        **By counsel**

**/s/ Deirdre H. Purdy**
Deirdre H. Purdy  (WVSB #7779)
407 Jarvis Road
Chloe, WV 25235
deirdre.purdy@gmail.com
304.655.7232 (phone)
304.551.0055 (fax)
*Counsel for Defendant*

## Certificate of Service

I, Deirdre Purdy, hereby certify that on May 7, 2013, I filed the foregoing **DEFENDANT'S ADDENDUM TO HIS SENTENCING MEMORANDUM AND RESPONSE TO THE UNITED STATES' MEMORANDUM REGARDING OBSTRUCTION OF JUSTICE ENHANCEMENT** in the CM/ECF system for delivery to:

Steven I. Loew
Assistant United States Attorney
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
Steven.loew2@usdoj.gov

                                              **s/Deirdre Purdy**
                                              Deirdre Purdy