```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON

_____x
                              :
UNITED STATES OF AMERICA,     :     Criminal Action
                              :
              Plaintiff,      :     No.  2:10-cr-00130
                              :          2:13-cr-00032
v.                            :
                              :     Date:  May 21, 2013
TERRY TOMBLIN,                :
                              :
              Defendant.      :
_____x


         TRANSCRIPT OF REVOCATION & SENTENCING HEARING HELD
            BEFORE THE HONORABLE THOMAS E. JOHNSTON, JUDGE
                    UNITED STATES DISTRICT COURT
                    IN CHARLESTON, WEST VIRGINIA

APPEARANCES:

For the Government:         AUSA STEVEN I. LOEW
                            U.S. Attorney's Office
                            P.O. Box 1713
                            Charleston, WV  25326-1713

For the Defendant:          DEIRDRE H. PURDY, ESQ.
                            407 Jarvis Rd.
                            Chloe, WV  25235

Probation Officer:          Lee Cueva
                            Jeff Bella


Court Reporter:             Ayme Cochran, RPR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

1  PROCEEDINGS had before The Honorable Thomas E. Johnston,
2  Judge, United States District Court, Southern District of West
3  Virginia, in Charleston, West Virginia, on May 21, 2013, at 10:08
4  a.m., as follows:
5  COURTROOM DEPUTY CLERK: The matter before the Court is
6  the United States versus Terry Tomblin, criminal action numbers
7  2:10-cr-00130 and 2:13-cr-00032, scheduled for a revocation
8  hearing and sentencing.
9  THE COURT: All right. Will counsel please note their
10 appearances?
11 MR. LOEW: Good morning, Your Honor. Steve Loew for
12 the United States, and seated at counsel table is Special Agent
13 Rob Cunningham with ATF.
14 MS. PURDY: Deirdre Purdy representing Terry Tomblin,
15 who is present in person.
16 THE COURT: And may we agree that the defendant remains
17 under oath from last week's hearing?
18 MR. LOEW: Yes, Your Honor.
19 MS. PURDY: Yes, Your Honor.
20 THE COURT: All right. Very well. As I recall, where
21 we left it was that there were two objections. I had already
22 ruled on the obstruction objection, but we were on the Winchester
23 firearm issue, and I had asked the government to look into the --
24 see if we had an acquisition and disposition record with regard
25 to the Winchester firearm. I'm sure that counsel has received

the same thing that I have, but why don't we just put it on the record, what it is the government found.

    MR. LOEW: Your Honor, the United States produced a -- one page from the computerized acquisition and disposition book containing as the sixth entry the Winchester rifle that is acquired by the defendant on the same date, August 15th of 2011, from -- that's on the same date as the contract, and then it was disposed to another gentleman a couple months later, and it's a one-page report that I produced to the Court and to defense counsel.

    THE COURT: It was acquired from the defendant, not by the defendant, on August 15th?

    MR. LOEW: Yes, I'm sorry.

    THE COURT: Okay.

    MR. LOEW: From the defendant.

    THE COURT: All right.

    MS. PURDY: And, Your Honor, as a result of seeing that document, we would withdraw that objection.

    THE COURT: All right. Fair enough. I will overrule it on that basis then.

 All right. So then I will accept the Presentence Report and addendum as written, adopt it. I would note for the record that I did receive sentencing memoranda, two of them on behalf of the defendant, one on behalf of the government.

 On February 11th, 2013, the defendant appeared before this

|    |    |
|---|---|
| 1  | Court and entered a plea of guilty to Count 1 of the indictment, |
| 2  | which charges him with being a felon in possession of a firearm, |
| 3  | in violation of 18 U. S. C. Section 922(g)(1) and 924(a)(2). |
| 4  |     I will now adjudge the defendant guilty of that crime and |
| 5  | accept the plea agreement that was previously filed. |
| 6  |     I am now ready to give my tentative findings as to the |
| 7  | applicable guidelines.  I find a base offense level of 14; plus 4 |
| 8  | for the number of firearms; plus 2 for obstruction of justice, |
| 9  | for an adjusted and total offense level of 20; a criminal history |
| 10 | category of II based on 3 criminal history points, yielding an |
| 11 | imprisonment range of 37 to 46 months; 1 to 3 years of supervised |
| 12 | release; a fine range of $7,500.00 to $75,000.00; and a mandatory |
| 13 | special assessment of $100.00. |
| 14 |     Are there any legal objections to my tentative findings as |
| 15 | to the applicable guidelines? |
| 16 |         MR. LOEW:  No, Your Honor. |
| 17 |         MS. PURDY:  I thought that his criminal history |
| 18 | category was a I, but I'm looking.  I haven't looked since last |
| 19 | week.  Oh, of course.  Yes.  Of course, I understand, Your Honor, |
| 20 | that he'd gotten the two points for being on probation. |
| 21 |         THE COURT:  Right.  Right.  So there's no objection? |
| 22 |         MS. PURDY:  No objection. |
| 23 |         THE COURT:  All right.  Very well. |
| 24 |   Mr. Tomblin, at this time, the Federal Rules of Criminal |
| 25 | Procedure give you the right to make any statement that you would |

like to make, although you're not obligated to make any statement. However, if you do choose to make a statement, I would ask that you stand to do so.

THE DEFENDANT: No, sir.

THE COURT: All right. Very well.

Ms. Purdy, anything else on behalf of the defendant before I impose sentence?

MS. PURDY: I would only say, Your Honor, that Mr. Tomblin is a family man, other than this ongoing problem, which I hope will be solved now. He takes care of his children, gets up, dresses them, gets them off to school.

His wife works. He is there when his kids get home. He takes care of the house.

As he now realizes, he has made his family's life extremely difficult. His wife was supposed to be here again this morning with his mother-in-law. They were here for the original sentencing. We're sort of surprised they're not. I hope they haven't had any problems.

His father is dying of cancer, so his mother, who lives next door, can't help with the children. The mother-in-law doesn't drive. All of this has impacted their family negatively and, obviously, will continue to do so because he understands he needs to serve his sentence.

I would hope the Court would see that this sentence, being in prison, being incarcerated, is going to make Mr. Tomblin

understand and have respect for the gun laws and I am not sure that an extended sentence is going to do more than a relatively shorter sentence to accomplish that purpose.

THE COURT: Thank you, Ms. Purdy.

Mr. Loew?

MR. LOEW: Your Honor, this is -- this is an odd case which started off seemingly very simple. You know, the defendant had a Glock concealed in his boot. He was on video. He was a convicted felon.

And he immediately came in and cooperated, signed a plea agreement and, gosh, we thought it was going to be resolved, you know, very quickly and simply and he just -- he just made it so much more difficult on himself because of, I think, some of the things that defense counsel stated.

It's as if he just can't accept the law. He just won't accept that he can't have guns. And we discovered all of these additional guns that he was pawning. He wasn't truthful with the United States.

He gave a complete debriefing. We thought, gosh, he's got great information. He's going to be a good witness. We can develop these other cases through him and now he -- we can't use him as an -- I shouldn't say we can't. He makes it much more difficult for us to use him as a witness because of his inability to tell the truth to us about his criminal activity.

So what started off, you know, seemingly as a pretty

straightforward case has kind of blossomed because of the defendant's inability to accept responsibility for his criminal activity.

I understand that the Court has to do two separate cases, the probation revocation and the sentencing in the criminal matter. The guidelines, although not mandatory, say that those sentences shall be consecutive. You know, as much as the guidelines can be -- you know, they're advisory, but they say that the sentences shall be consecutive. So, you know, he's really kind of got himself up into a much higher guideline range than -- than he started and he brought it all upon himself.

THE COURT: All right. After consideration of the advisory guidelines and the other applicable factors from Section 3553(a) of Title 18 United States Code, I am now ready to impose sentence.

Will the defendant please stand?

Mr. Tomblin, this is your second felony, federal felony conviction in the last two years or so, and the fact of the matter is, as a policy matter, Congress has made a judgment that convicted felons and guns don't mix and that's because, as a matter of policy, Congress has found that convicted felons are more likely to cause problems with guns. Now some convicted felons may be less likely than others, but it's not a good mix, and the fact that you had multiple firearms means that this is a serious offense that requires a just punishment.

Now I don't, frankly, buy it that you didn't know you were prohibited. The story that you tell about that and the concealed weapons permit doesn't wash and I -- I think you just don't agree with the law, and that's not your call, that's the call of Congress.

And I think that counsel in this room know very well that I believe in the Second Amendment as much as any other part of the United States Constitution. The opinions that I have written and that are in the public record about that bear that out. The language that I have used in my opinions has probably been as strong as any other judge in the country in defense of the Second Amendment, but there are few rights in the Constitution, even constitutional rights, that are absolute and the fact is that when a person offends society by committing a crime, they give up certain rights.

Often, or at least sometimes, they give up their freedom; they give up the right to vote; there are other examples and, yes, they give up their right to possess a firearm and it doesn't matter if you don't agree with that. That's the law. So this sentence needs to encourage you to respect the law and deter you and others who are convicted felons or otherwise prohibited from committing further crimes by possessing firearms.

In addition to all that I have just said, with regard to the supervised release -- or the probation revocation, this sentence needs to deter you from further violating probation or

supervision, especially your criminal conduct. I believe that a violation of probation is a separate offense that requires an added punishment and, therefore, for those reasons, in addition to the fact that the guidelines recommend it, the sentence I'm going to impose with regard to the probation revocation will be consecutive to the sentence on this offense.

So based on all of these factors, it is the judgment of this Court that you be committed to the custody of the Federal Bureau of Prisons on the firearms violation for a period of 38 months and then an additional six months to be served consecutively on the probation violation. There will be no further supervision on the probation violation case, but with regard to the felon in possession case -- so the aggregate sentence will be 44 months.

Upon release from prison, you shall be placed on supervised release, with regard to the firearm case, for a term of three years. Within 72 hours of release from custody, you shall report in person to the U. S. Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state or local crime; you must not possess a firearm or other dangerous weapon; and you must not unlawfully possess a controlled substance.

You also must comply with the standard terms and conditions of supervised release as recommended by the U. S. Sentencing Commission and as adopted by this Court, including the standard

condition that you shall participate in a program of testing, counseling and treatment for drug and alcohol abuse as directed by your probation officer.

The Court does not find that you pose a low risk of future substance abuse. Accordingly, the Court will order that you submit to one drug test within 15 days of release and at least two periodic drug tests thereafter as a condition of supervised release.

I'm not going to impose a fine in this case. I believe that it would create unwarranted disparities, that your resources are limited, and that your -- any resources you have are better directed to the support of your children.

A mandatory special assessment of $100.00 is required. It will be made -- it will be imposed. It will be made due immediately, but it may be paid through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter.

If there is a remaining balance on that when you are released, it will be a special condition of supervised release that you pay that balance, but you may pay it at the rate of $50.00 per month until paid in full beginning 30 days from your release from custody.

MS. PURDY: Your Honor, the special assessment has been paid.

THE COURT: All right. Do we have the -- has the receipt been placed in the record?

| | |
|---|---|
| 1 | MS. PURDY: No. I have the receipt. |
| 2 | THE COURT: Mr. Tomblin, you may be seated. |
| 3 | Well, I won't include that in the J&C then, if that's the |
| 4 | case. |
| 5 | MS. PURDY: May I approach? |
| 6 | THE COURT: You may. |
| 7 | All right. I will make that -- I'll make that receipt a |
| 8 | part of the record in this proceeding. |
| 9 | You all may -- you may be seated. |
| 10 | MS. PURDY: Thank you. |
| 11 | THE COURT: Ms. Purdy, are there any recommendations |
| 12 | that you or your client would like for me to make to the Bureau |
| 13 | of Prisons? |
| 14 | MS. PURDY: Yes, Your Honor. We would ask that he be |
| 15 | placed at Beckley. |
| 16 | THE COURT: I will recommend that. I will also |
| 17 | recommend that he be given credit for time served as |
| 18 | appropriately calculated by the Bureau of Prisons. |
| 19 | I note that the defendant is currently in custody and he |
| 20 | will be remanded to the custody of the marshals at the conclusion |
| 21 | of this hearing for further service of his sentence. |
| 22 | Mr. Tomblin, there is a substantial waiver of your appellate |
| 23 | rights in the plea agreement, but subject to that waiver, you |
| 24 | have the right to appeal the judgment of this Court. Any Notice |
| 25 | of Appeal must be filed with the Clerk not more than 14 days from |

1     the date of the entry of the judgment order.
2          If you desire counsel on appeal and you are unable to retain
3     counsel, the appropriate Court will be -- will review a financial
4     affidavit filed by you to determine whether or not to appoint
5     counsel.
6          Do you understand your right to appeal and the 14-day filing
7     requirement?
8               THE DEFENDANT:  Yes.
9               THE COURT:  All right.  I will place the Presentence
10    Report under seal subject to counsel's right to unseal as
11    necessary for appeal.
12         Any other matters we need to take up in this case?
13              MR. LOEW:  No, Your Honor.
14              MS. PURDY:  No, Your Honor.
15              THE COURT:  All right.  And, Ms. Purdy, I note that you
16    are CJA counsel and I want to thank you for your service not only
17    to the defendant, but also to the Court.
18              MS. PURDY:  You're welcome, Your Honor.  Thank you.
19              THE COURT:  Thank you.
20         (Proceedings concluded at 10:34 a.m., May 21, 2013.)
21
22    CERTIFICATION:
23         I, Ayme A. Cochran, Official Court Reporter, certify that
24    the foregoing is a correct transcript from the record of
25    proceedings in the matter of United States of America, Plaintiff

```
1   v. Terry Tomblin, Defendant, Criminal Action No. 2:10-cr-00130
2   and 2:13-cr-00032, as reported on May 21, 2013.
3
4   s/Ayme A. Cochran, RPR, CRR                    July 24, 2013
5   Ayme A. Cochran, RPR, CRR                             DATE
```