**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4447

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRY TOMBLIN,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:13-cr-00032-1)

Submitted: December 26, 2013      Decided: January 14, 2014

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William Bryan King, II, Steven Loew, Assistant United States Attorneys, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Tomblin pled guilty, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g) (2012), and was sentenced to 38 months' imprisonment. In the plea agreement, Tomblin agreed to waive his right to appeal his conviction and sentence, except a sentence exceeding the statutory maximum of ten years' imprisonment.

On appeal, Tomblin's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Tomblin's sentence is greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) (2012). Although informed of his right to file pro se supplemental brief, Tomblin has not done so. The Government has moved to dismiss Tomblin's appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks

omitted). Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Tomblin's waiver of appellate rights was knowing and intelligent. Therefore, we grant the Government's motion to dismiss Tomblin's appeal as to his sentence and dismiss this portion of the appeal. Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Tomblin's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver. We therefore affirm the district court's judgment as to all issues not encompassed by Tomblin's valid waiver of his right to appeal. This court requires that counsel inform Tomblin, in writing, of his right to petition the Supreme Court of the United States for further review. If Tomblin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Tomblin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART